UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-21098-ALTMAN/Sanchez

**VALTSHIA ANGLIN**,

    *Plaintiff*,

v.

**NORTHPARK AT SCOTT CARVER APARTMENTS,**

    *Defendant*.

_____/

### ORDER DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Our Plaintiff, Valtshia Anglin, has filed a Motion for Leave to Proceed *in Forma Pauperis* (the "IFP Motion") [ECF No. 3] in her lawsuit against Northpark at Scott Carver Apartments ("Northpark"). Because the Complaint [ECF No. 1] is an impermissible shotgun pleading, we **DENY** the Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* and **DISMISS** the Complaint **without prejudice** under 28 U.S.C. § 1915(e)(2)(B)(ii). The Plaintiff will have **30 days** to file an amended complaint and a new IFP Motion. **But this will be her last chance**.

**BACKGROUND**

Valtshia Anglin is a Broward County resident who is no stranger to the Southern District of Florida. Indeed, this is just one of *nine lawsuits* she has filed in our District since 2022. In this case, Anglin appears to allege that she was "illegally evicted" from Northpark. Compl. at 6. We say "appears" because Anglin's Complaint—which is really an amalgamation of the Southern District of Florida's form "Complaint for a Civil Case," *id.* at 1–5 (the "Federal Pro Se Form"), Alabama's form "Statement of Claim: Eviction/Unlawful Detainer," *id.* at 6, and a handwritten "Statement of Law Violation," *id.* at 7—fails to plead *any* factual allegations at all. *See generally* Compl. Instead, Anglin

simply writes "See Attachment[s]" under the sections on the form complaint that directed her to plead facts establishing our subject-matter jurisdiction, *id.* at 3 ("See Attachments"), and the basis for her claim, *id.* at 4. Anglin's "attachments" include scans of several documents, including her lease agreement with Northpark, Exhibit [ECF No. 1-1] at 1-11, her eviction documents, *id.* at 13–16, 22–23, 25, and a check in the amount of $828, *id.* at 20. We're left to guess how these documents might be relevant to Anglin's claims, which she's advanced under several unrelated state laws and a federal statute (34 U.S.C § 12491). *See* Compl. at 7.

## THE LAW

A court may authorize a party to proceed *in forma pauperis* in any suit so long as that party complies with the prescriptions of 28 U.S.C. § 1915. But the court must screen such cases and must dismiss a complaint if it concludes that "the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1486 (11th Cir. 1997) (explaining the grounds for dismissal under § 1915).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (cleaned up).

Although "*pro se* pleadings are held to a more lenient standard than pleadings filed by lawyers," *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012), that "'leniency does not give a court license to serve as *de facto* counsel for a party' or 'rewrite an otherwise deficient pleading in order

to sustain an action,'" *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021) (quoting *GJR Inv., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1989)). *Pro se* litigants cannot "simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim. . . . [J]udges cannot and must not fill in the blanks for *pro se* litigants; they may only cut some linguistic slack in what is actually pled." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, J.) (cleaned up).

## ANALYSIS

To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Federal Rules also require plaintiffs to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). "A 'shotgun pleading' is one that lacks the minimum clarity, brevity, or coherence required by Rules 8 and 10 of the Federal Rules of Civil Procedure." *Lozano v. Prummell*, 2022 WL 4384176, at *2 (M.D. Fla. Sept. 22, 2022) (Steele, J.). As the Eleventh Circuit has explained, a complaint is a shotgun pleading if it:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019). All shotgun pleadings share two characteristics: *One*, they "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Dorman v. Palm Beach Cnty.*, 2020 WL 2078527, at *1 (S.D. Fla. Apr. 30, 2020) (Altman, J.) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)). *Two*, they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets,

3

and undermine the public's respect for the courts." *Ibid.* (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)).

In our case, the Complaint violates Rules 8(a)(2) and 10(b) and falls into the second *Embree* category. Starting with FED. R. CIV. P. 8(a)(2), the Complaint contains no "short and plain statement of the claim." Reading between the lines of the documents the Plaintiff has submitted, *see* Complaint at 6, we surmise that she wants us to do something about her eviction. But we have no idea why she was evicted or what role (if any) Northpark played in that process. And that's not good enough. *See Wade v. Dep't of Veteran Affs.*, 2023 WL 4228182, at *3 (S.D. Fla. June 28, 2023) (Altman, J.) (dismissing a complaint that left the court with "no idea how the Defendants harmed the Plaintiff or why they should be liable to him").

As for FED. R. CIV. P. 10(b), the Complaint doesn't present information in paragraphs, "limited as far as practicable to a single set of circumstances." It, instead, directs us to a series of attached documents and asks us to parse out the relevant facts for ourselves. We won't be doing that. *See, e.g., Johnson v. City of Fort Lauderdale*, 126 F.3d 1372, 1373 (11th Cir. 1997) ("We are not obligated to cull the record ourselves in search of facts not included in the statements of fact.").

Because it's our "duty" to "ensure[ ] that the issues get defined at the earliest stages of the litigation," we must "strike the complaint and instruct [the Plaintiff] to replead the case." *Byrne v. Nezhat*, 261 F.3d 1075, 1133 n.113 (11th Cir. 2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008). But, "[w]hen a plaintiff files a shotgun pleading, a district court must give [her] *one chance* to replead before dismissing his case with prejudice on shotgun pleading grounds." *Buckman v. Lancaster Mortg. Co.*, 2021 WL 4618412, at *3 (11th Cir. Oct. 7, 2021) (emphasis added).

Accordingly, the Plaintiff must refile her claims with "numbered paragraphs, each limited as far as practicable to a single set of circumstances," FED. R. CIV. P. 10(b), and separate each cause of action into different counts. Along the way, the Plaintiff must (1) explain how she's been injured (and

4

by whom), (2) articulate a basis for our subject-matter jurisdiction over the case and our personal jurisdiction over the Defendants, (3) show that venue is proper in our District, and (4) plead the elements of at least one viable cause of action, supporting each element with specific factual allegations. If the Plaintiff files an amended complaint that fails to satisfy these requirements, we will dismiss the amended complaint *without leave to amend*.

Before closing, we warn the Plaintiff that she is on track to becoming a restricted filer in our District if she continues to file frivolous lawsuits. In addition to this case, Anglin has filed at least eight cases since 2022, most of which were found to be meritless. In order, those cases are:

- *Anglin v. FL Fontainebleau Miami*, 22-cv-21281-JEM (S.D. Fla. filed Apr. 25, 2022) (dismissed without prejudice at ECF No. 16);

- *Anglin v. Brown*, 23-cv-23751-DPG (S.D. Fla. filed Sept. 29, 2023) (dismissed without prejudice at ECF No. 4);

- *Anglin v. Officer GL Trujillo*, 23-cv-23752-RNS (S.D. Fla. filed Sept. 29, 2023) (dismissed without prejudice at ECF No. 5);

- *Anglin v. Eden Roc Miami Beach Hotel*, 23-cv-23753-DPG (S.D. Fla. filed Sept. 29, 2023) (dismissed without prejudice at ECF No. 4);

- *Anglin v. ChildNet*, 24-cv-20592-RKA (S.D. Fla. filed Feb. 14, 2024) (dismissed without prejudice at ECF No. 13);

- *Anglin v. Soc. Sec. Admin.*, 24-cv-20790-PMH (S.D. Fla. filed Feb. 29, 2024) (motion to proceed IFP granted at ECF No. 4); and

- *Anglin v. N. Park at Scott Carver Apts.*, 24-cv-20817-KMW (S.D. Fla. filed Mar. 1, 2024) (dismissed without prejudice at ECF No. 6).

The Eleventh Circuit has said that a *pro se* litigant "can be severely restricted as to what [she] may file and how [she] must behave in [her] applications for judicial relief. [She] just cannot be completely foreclosed from *any* access to the court." *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986); *see also ibid.* ("We do not here design the kind of injunction that would be appropriate in this case. Considerable discretion necessarily is reposed in the district court."). So, should the Plaintiff

continue this pattern of vexatious filing, we *will* direct the Clerk of Court to refuse any further complaints from her "unless accompanied by payment of a filing fee, a sworn oath indicating imminent danger of serious personal injury, or representation by an attorney admitted to the bar of this court." Order Denying IFP Motion, *King v. New Life Plastic Surgery*, No. 23-cv-23523 (S.D. Fla. Sept. 25, 2023) (Altman, J.), ECF No. 4 at 4. We would order "these conditions to preserve the scarce resources of the federal courts while also preserving [the Plaintiff's] access to the courts for non-frivolous actions." *Ibid.*

* * *

After careful review, we hereby **ORDER and ADJUDGE** as follows:

1. The Plaintiff's Motion to Proceed *in Forma Pauperis* [ECF No. 3] is **DENIED**.

2. The Complaint [ECF No. 1] is **DISMISSED without prejudice**. The Plaintiff may file an **amended complaint** by **April 22, 2024**. That amended complaint must comply with our Local Rules, the Federal Rules of Civil Procedure, and this Order. **We will not accept any filings after April 22, 2024.**

3. This case shall be **CLOSED** for administrative purposes. Any deadlines not addressed in this Order are **TERMINATED**, and any pending motions, including the Plaintiff's Motion for a Hearing [ECF No. 4], are **DENIED as moot**.

**DONE AND ORDERED** in the Southern District of Florida on March 22, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: Valtshia Anglin, *pro se*